SUSAN B. BROWN *vs.* JOHN W. BULKLEY & another.

After a warrant to the commissioners has issued on a petition for partition, it is too late for the petitioner to object to the existence or validity of the respondents' title to some interest in the land.

PETITION FOR PARTITION. The whole case sufficiently appears in the opinion of the court.

*J. C. Wolcott*, for the petitioner.

*I. Sumner*, for the respondent, David Cole.

MERRICK, J. This is a petition for partition, in which the petitioner alleges that she is entitled to a certain proportion of the premises therein described. It was commenced against Bulkley alone; but he made no defence and suffered himself to be defaulted. After it was entered in court, David Cole, who had been notified of its pendency, appeared and claimed a part of that proportion of the estate which the petitioner prayed to have set-off to herself in severalty. Subsequently they agreed that commissioners should be appointed to make partition; and that the share to be assigned to said Cole, should be the same part of one undivided fifth part of the land which is described in the return upon the execution under which he acquired his title, and that the remainder of said one fifth part should be set off to the petitioner.

In pursuance of this arrangement, commissioners were appointed, who made partition of the land, and returned a report of their proceedings into court. This report was not accepted, but on motion of the petitioner, was referred to the same commissioners for their further consideration and action. At the last May term, they again made report in the following terms, to wit, "that after carefully looking over what we had done, we are of the opinion, that the division already made by us in the above report, is as it should be, if David Cole's title is good; if not good, the part or parcel set off to David Cole, we set off to Susan B. Brown, in addition to what was formerly set off to her."

The petitioner now objects to the acceptance of the report, and to a judgment of partition thereon, upon the ground, that the levy of the execution referred to in favor of Cole upon the estate of Joseph Brown, was for several reasons ineffectual and void, and that, therefore, he has no title to the estate.

But no such question can arise upon the report of the commissioners. They act under a warrant, issuing from the court, which prescribes their duty and directs the proportions of the estate which is to be set off and assigned to the respective parties. Rev. Sts. *c.* 103, § 18. The final determination of their individual rights and interest in the estate, necessarily precedes the issuing of this warrant. And therefore, there must be, as there always is, a previous interlocutory judgment, that partition shall be made. Rev. Sts. *c.* 103, § 18. This judgment may be rendered upon a default, or upon a verdict in favor of the petitioner upon an issue joined between him and any of the respondents, or as in the present case, upon an agreement of the parties in relation to their respective proportions of the estate. But when it is once rendered, it is a conclusive determination of the rights of all parties to the proceedings under the petition, and no question any longer remains open concerning either ownership or title, or their individual shares and interest. Nothing, then, remains to be done but to carry it into effect; and this is accomplished by commissioners appointed by the court who have no other duty to perform, or authority to act, than to divide the estate ac-

cording to the directions contained in the warrant. The only questions which can arise upon their report, are such as have relation to the regularity of their own proceedings. If they have not conformed in all respects to the directions given them, their report may be set aside, and the whole subject recommitted to them for further action, or other commissioners may be appointed in their place. But if there has been no irregularity, and if they have divided the estate according to the requirements of the interlocutory judgment, it will be accepted and confirmed by the court, and final judgment of partition will then be awarded thereon. Rev. Sts. *c.* 103, § 20.

The agreement of the parties in the present case upon which the preliminary proceedings took place, and upon which the interlocutory judgment was rendered, defined their respective rights, titles, and shares, and provided for the appointment of certain individuals as commissioners to make partition of the estate. But it did not make, nor propose to make them arbitrators or referees, nor invest them with any authority to determine or to act upon any question concerning the title of the petitioner or the respondents. The reference, therefore, made by them, of such a question to the consideration of the court, was beyond their line of duty; and the question itself being in that stage of the proceedings not open or debatable, must be wholly disregarded in the disposal of their report.

The return of the officer upon the execution of Cole against Joseph Brown, referred to in the argument of the parties, is not very exactly or happily expressed. But its language is not contradictory or unintelligible, and shows that the levy was upon such proportion of one fifth part of the eighty acres described in it, as $155 \frac{21}{100}$ dollars bears to two hundred and forty dollars. In the first report of the commissioners, the one fifth part of this land is carefully severed from the remaining part thereof, and the respective shares of the petitioner and of Cole therein, are severally set out and assigned to them, and particularly described by metes and bounds. This was in conformity to the directions contained in the warrant. Upon a comparison of the descriptions in the return upon the execution and in the report of the commissioners, there appears to be no

conflict or discrepancy between them.   Their second report states in general terms, that they made the same partition of the land as before, and refers for particulars to their first return.

The report, therefore, is to be accepted, and judgment of partition rendered according to the division and partition as made and described in the first report.